IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARY KAY BADEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 09 C 3015 |
| v. | ) | |
| | ) | |
| CITY OF WHEATON, CITY OF WHEATON POLICE DEPARTMENT, and THOMAS MELONI, Deputy Chief of the Wheaton Police Department in his official and individual capacity, | ) | JUDGE DAVID H. COAR |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mary Kay Baden brings an action under 42 U.S.C. § 1983 against the City of Wheaton, City of Wheaton Police Department, and Deputy Chief of the Wheaton Police Department, Thomas Meloni, in his official and individual capacity (collectively "Defendants"). In her five-count complaint, Plaintiff alleges that Defendants deprived her of her rights to equal protection (Count I), confrontation (Count II), due process (Count III), and use of the court system (Count V). Plaintiff also asserts a state-law claim for indemnification against the City of Wheaton (Count IV). Defendants move to dismiss Plaintiff's complaint in its entirety. For the reasons stated below, Defendants' motion to dismiss is GRANTED.

**FACTUAL BACKGROUND**

Plaintiff has submitted a 36-page complaint including a number of detailed allegations against Defendants. The following is a summary of the alleged facts necessary to resolve Defendants' motion. The facts drawn from Plaintiff's second amended complaint are accepted

- 1 -

as true for the purpose of resolving Defendants' motion to dismiss. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

## Plaintiff's History of Conflict with Conyac

Plaintiff alleges that, for several years prior to April 2002, her neighbor Betty Conyac harassed her with a series of threatening phone calls. On April 17, 2002, Plaintiff went to the Wheaton Police Department to file a complaint about the phone calls. Two days later, on April 19, 2002, Plaintiff received another harassing phone call. Later that afternoon, a trap was placed on Plaintiff's phone line to track all incoming calls. The next day, on April 20, 2002, Conyac confronted Plaintiff outside of Plaintiff's townhome and identified herself as the person who had been making the harassing calls. She told Plaintiff, "I'm going to get you." On April 22, 2002, Plaintiff reported the April 19 phone call and her subsequent confrontation with Conyac to the Wheaton police. Plaintiff claims that, in addition to placing harassing phone calls, Conyac stalked her, verbally abused her, and damaged her property. Plaintiff faults the Wheaton police for failing to take action against Conyac despite Plaintiff's complaints.

In June 2002, Plaintiff filed an incident report with the Wheaton police department requesting that it file criminal charges against Conyac. Plaintiff's request was denied. In July 2002, Plaintiff contacted the DuPage County State's Attorney's Office about the matter. The State's Attorney's Office sent Plaintiff a letter confirming that there would be no criminal charges filed against Conyac. Plaintiff alleges that she met with an employee of the State's Attorney's Office who "admitted to Plaintiff that Conyac's convictions were being concealed to avoid civil lawsuits against the City of Wheaton." (Compl. ¶ 26.) When Plaintiff asked Thomas Meloni, Deputy Chief of the Wheaton Police Department, if she could view Conyac's criminal record, Meloni denied her request. Plaintiff claims that, during the course of her attempts to

obtain records of Conyac's criminal convictions, Meloni told her that she "would be falsely arrested if she continued her campaign to obtain Conyac's criminal records" and that "persons known to Conyac will be allowed to file false complaints against Plaintiff." (Compl. ¶ 36.) Plaintiff filed another incident report with the Wheaton police on September 4, 2002. Meloni sent Plaintiff a letter on January 6, 2003 stating that there was insufficient evidence to identify Conyac as the person who was making harassing phone calls to Plaintiff.

On July 20, 2004, an alternation ensued between Plaintiff and Conyac. Plaintiff claims that Conyac verbally threatened her and damaged her property. As a result, Plaintiff went to the Wheaton Police Department and filed a citizen's report about the incident. She claims that this report falsely states that she has a history of violence and has been admitted to mental health facilities. Ultimately, on August 18, 2004, Plaintiff—not Conyac—was cited for violating Wheaton's disorderly conduct ordinance. Plaintiff denies that she committed the acts with which she was charged and claims that, during the course of the legal proceedings that followed, "Defendants deliberately withheld evidence from Plaintiff, gave false and misleading testimony and otherwise interfered with Plaintiff's right to a fair trial." (Compl. ¶ 40.) On March 23, 2007, a bench trial was held, and Plaintiff was convicted of disorderly conduct and fined $150. She paid the fine on May 26, 2007.

On September 9, 2005, Plaintiff and Conyac had another altercation. Plaintiff claims that Conyac's husband "had thrown things around in her backyard and damaged her plaints." (Compl. ¶ 46.) Plaintiff called the police. When they arrived, they served Plaintiff with a letter stating that she was forbidden from trespassing on Conyac's property. Plaintiff claims that the incident report falsely states that Conyac was the complainant and Plaintiff was the offender and that Plaintiff was a patient in a mental health facility. She claims that, at Meloni's direction, the

police filed false reports to conceal prior police misconduct and to undermine her attempts to file a § 1983 action.

Throughout her history of conflict with Conyac, Plaintiff has tried and failed numerous times to obtain records of Conyac's alleged criminal convictions. She believes that her failure to obtain these records violates state and federal law.

Plaintiff also alleges that, in April and May 2004, Meloni "directed the activation" of the unsolved homicide of Plaintiff's sister for the purpose of obtaining Plaintiff's personal records.

### "Continued Acts of Harassment and Intimidation"

Plaintiff claims that, "[d]uring the two years prior to the commencement of this case, Meloni has directed harassing and intimidating actions against plaintiff." (Compl. ¶ 67.) She alleges that, on June 17, 2007, a Wheaton Police Department patrol car parked in front of her home and blocked her driveway. When Plaintiff proceeded to leave her home, the police car slowly followed her for several blocks, and at some point, one of the officers in the car stated loudly that she was going to be arrested again. Several days later, on June 23, 2007, Plaintiff arrived home to find a police officer and neighbor standing on her front porch holding documents. When she saw them, she drove away. The next day, Plaintiff moved to her son's home in Kappa, Illinois.

Plaintiff returned from Kappa on September 2, 2007 because she needed surgery. She claims that "Wheaton Police cars continue[d] to park in front of her home, block her driveway, and park next to her vehicle with Wheaton Police Officers in the cars at many of her medical appointments and other places plaintiffs [sic] goes to." (Comp. ¶ 74.) Plaintiff also claims that, on May 13, 2008, a man who she "believes . . . was a law enforcement officer or 'plainclothes' detective" sat across from her in the waiting room at her doctor's appointment, walked behind

her to her examination room, and left at the same time that she did, following her to the parking lot. (*Id.* at ¶ 75.)

Finally, Plaintiff claims that, on February 20, 2010, a Wheaton police car parked in front of her home for approximately five minutes and then drove around the block three times.

Plaintiff filed the instant action on May 19, 2009.

## LEGAL STANDARD

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court accepts all well-pleaded allegations in the plaintiff's complaint as true and draws all possible inferences in favor of the plaintiff. Fed. R. Civ. P. 12(b)(6); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). To survive a motion to dismiss, a complaint must simply "state a claim that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if it demonstrates "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949. The plaintiff's factual allegations need not be "detailed," but they must include more than "labels and conclusions" in order to "give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotation marks omitted).

## ANALYSIS

The majority of Plaintiff's claims fail because they are time-barred. The limitations period for § 1983 claims arising in Illinois extends for two years from the date that the cause of action accrued. *Brooks v. Ross*, 578 F.3d 574, 578-79 (7th Cir. 2009). Plaintiff filed the instant

action on May 19, 2009. Thus, none of her claims based on acts that occurred before May 19, 2007 are viable. Apparently attempting to save her complaint from dismissal, Plaintiff included a section in her second amended complaint entitled "Continued Acts or Harassment and Intimidation by Defendants and Violation of Plaintiff's Protected Conduct under 42 U.S.C. § 1983 After May 19, 2007." (Compl. at 19.) The specific acts included in this section may be summarized as follows:

> (1) On June 17, 2007, a Wheaton police car parked in front of Plaintiff's home and blocked her driveway. The car then followed her as she walked for several blocks outside, and one of the officers in the car told her that she was going to be arrested.
>
> (2) On June 23, 2007, a police officer stood on Plaintiff's front porch holding documents.
>
> (3) On May 13, 2008, a man who Plaintiff "believes . . . was a law enforcement officer or 'plainclothes' detective" sat across from her in the waiting room at a doctor's appointment, walked behind her to her examination room, and left at the same time she did, following her to the parking lot. (*Id.* at ¶ 75.)
>
> (4) On February 20, 2010, a Wheaton police car parked in front of Plaintiff's home for approximately five minutes, and then drove around the block three times.

Plaintiff alleges that Defendants performed these acts to deter her from filing a § 1983 suit. Under § 1983, retaliatory activities are actionable if they would "deter a person of ordinary firmness" from exercising First Amendment activity in the future. *Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009). Although Plaintiff does not claim that Defendants' alleged acts would deter a person of ordinary firmness from exercising First Amendment rights, even if she did, her allegations would not rise to the level necessary to state a viable constitutional claim. *See Harris v. City of West Chicago*, No. 01 C 7527, 2002 WL 31001888, at *3 (N.D. Ill. Sept. 3, 2002) (police "drive-bys . . . and the threat 'watch it- we're going to get you and your family' do not rise to the level of a constitutional violation").

Finally, Plaintiff's state-law indemnification claim against the City of Wheaton must be dismissed because it is contingent on the success of her other claims, all of which fail.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is GRANTED.

Enter:
/s/ David H. Coar

_____
David H. Coar
United States District Judge

**Dated:** November 24, 2010